■ NICHOLS YACHT YARDS, INC., et al., Respondents, v HUDSON HARBOR PRESERVATION ASSOCIATION, INC., et al., Defendants, and DOUG GOSNELL, Appellant. — In an action, *inter alia,* to recover damages for libel, defendant Gosnell appeals from an order of the Supreme Court, Westchester County (Cerrato, J.), dated March 31, 1982, which, *inter alia,* denied his motion to dismiss the action as against him for failure to prosecute. The appeal brings up for review so much of a further order of the same court, dated May 18, 1982, as, upon reargument, adhered to the original determination. Appeal from the order dated March 31, 1982, dismissed as academic. That order was superseded by the order granting reargument. Order dated May 18, 1982, affirmed, insofar as reviewed. Plaintiffs are awarded one bill of $50 costs and disbursements. Under the circumstances of this case, Special Term did not abuse its discretion in denying appellant's motion, brought pursuant to CPLR 3216 (subd [e]), to dismiss the complaint for failure to prosecute. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.

■ ANTHONY PASCERI, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Kings County (Adler, J.), entered January 21, 1982, which was in favor of the plaintiff in the principal sum of $101,625, upon a jury verdict. Judgment reversed, on the law and the facts, without costs or disbursements, and new trial granted on the issue of damages only unless within 30 days after service upon the plaintiff of a copy of the order to be made hereon, with notice of entry, plaintiff shall file with the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict from the principal sum of $101,625 to the principal sum of $50,000, and to entry of an amended judgment, accordingly, in which event the judgment as so reduced and amended is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed. The verdict was excessive to the extent indicated. Gulotta, J. P., O'Connor, Brown and Boyers, JJ., concur.